IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JENNIFER BELKNAP, et al,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 6:22-CV-001028-ADA-JCM |
| | § | |
| **LEON COUNTY, TEXAS, et al,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court are Defendants' Partially Opposed Motion to Stay Discovery (ECF No. 23) and Plaintiffs' Response to Defendants' Partially Opposed Motion to Stay Discovery (ECF No. 26). Defendants Leon County, Tisha Spinks, and Henry Vanskike filed Defendants' Motion jointly, but Defendants Southern Health Partners, Inc., and Jennilee Fishbeck Page did not join it. Defs.' Mot. at 1.

Defendants moved to stay discovery in the entire case under the recent *Carswell* case. Defs.' Mot. at 2, 3. Plaintiffs do not oppose a stay as to Defendants Spinks and Vanskike. Pl.'s Resp. at 2. The Court **GRANTS** Defendants' Motion as to Spinks and Vanskike as unopposed. Accordingly, all discovery against Defendants Spinks and Vanskike is stayed until resolution of whether they are entitled to qualified immunity.

Plaintiffs oppose the stay of discovery as to the County and the SHP Defendants (Southern Health Partners, Inc., and Jennilee Fishbeck Page). *Id.* The *Carswell* case is illustrative here. In that case, the defendants (Hunt County and county employees) moved to stay all discovery and all proceedings, including the *Monell* claims. *Carswell v. Camp*, 2022 WL 17335977, at *1 (5th Cir. Nov. 30, 2022). The District Court denied defendants' motion in part,

1

staying "all party discovery … as to any defendant who asserts qualified immunity," but not as to an immunity-asserting defendant in "that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity." *Id.* at *1, *5.

The Fifth Circuit held that the District Court abused its discretion by subjecting the immunity-asserting defendants to discovery before ruling on qualified immunity. *Id.* at *3. The Court further explained that district courts may not permit discovery against immunity-asserting defendants before determining immunity. *Id.* at *4. This includes deposing immunity-asserting defendants in their capacity as witnesses for *Monell* liability. *Id.* at *5.

The Fifth Circuit specifically held that discovery against the county for the plaintiff's *Monell* claims should be stayed to protect the immunity-asserting defendants from unnecessarily duplicative and burdensome discovery before their immunity was determined. *Id.* Plaintiffs here argue that this discussion relates only to *Monell* discovery against immunity-asserting defendants, not *Monell* discovery against *Monell* defendants. Even if *Carswell* does not require this Court to stay discovery as to Leon County, this Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the entire case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936). Since Leon County, Spinks, and Vanskike filed a joint Motion to Dismiss which raises Spinks's and Vanskike's qualified immunity defense, the Court **GRANTS** the stay as to Leon County.

Defendants SHP and Page, on the other hand, did not join in the Motion to Stay and did not join in the immunity-asserting defendants' motion to dismiss, the Court **DENIES** the stay as to those defendants. The Court notes, however, that *Carswell* clearly prohibits *any* discovery

2

against immunity-asserting defendants and the Court's denial of stay as to SHP and Page does not entitle Plaintiffs to any discovery from immunity-asserting Defendants or the County.

SIGNED this 15th day of December 2022.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE